# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRIAN SKUJA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 18-cv-07945<br>)<br>) Judge Sharon Johnson Coleman |
| AT&T MOBILITY SERVICES LLC | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case arises out of defendant AT&T Mobility Services LLC's alleged discrimination against former employee, plaintiff Brian Skuja. Plaintiff now moves to reopen the case and vacate the arbitration award. For the reasons set forth below, plaintiff's motion [33] is DENIED.

### I. Background

Plaintiff filed this lawsuit in December 2018 alleging violations of the Family Medical Leave Act and the Americans with Disabilities Act by defendant. Almost two months later, plaintiff filed a notice of voluntary dismissal of this case in favor of arbitration proceedings. After discovery was completed in the arbitration, defendant moved for summary judgment. The arbitrator granted defendant's motion. Plaintiff now moves to vacate the arbitrator's award of summary judgment and to reopen this case.

### II. Legal Standard

Overturning or vacating an arbitrator's award is rare and the grounds for doing so are extremely limited. *See, e.g., Johnson Controls, Inc. v. Edman Controls, Inc.* 712 F.3d 1021, 1025 (7th Cir. 2013); *see also IDS Life Ins. Co. v. Royal Alliance Associates, Inc.*, 266 F.3d 645, 649 (7th Cir. 2001). The Federal Arbitration Act ("FAA") allows district courts to vacate an arbitration award in four instances: (1) where the award was procured by corruption, fraud, or undue means; (2) where there

1

was evident partiality or corruption in the arbitrators…; (3) where the arbitrators were guilty of misconduct…; and (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C § 10(a). The party seeking the vacatur of an arbitral award bears a heavy burden of showing that the vacatur is justified. *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564 (2013).

**III. Analysis**

Plaintiff challenges the arbitrator's award under 9 U.S.C. § 10(a)(4), claiming that the arbitrator exceeded his powers or imperfectly executed them. Plaintiff also claims that the arbitral award was in manifest disregard of the law, which plaintiff argues falls under the same category. Plaintiff's motion only sets forth his basic complaint with the arbitrator's decision. Plaintiff does not explain *how* the arbitrator exceeded his powers in awarding summary judgment to the defendant until his reply brief, when plaintiff argues that the arbitrator made his decision based on his own policy preferences and not the evidence presented. The Court cannot consider new arguments brought up for the first time in a reply. *See Thorncreek Apartments III, LLC v. Mick,* 886 F.3d 626, 636 (7th Cir. 2018). Even if it did, plaintiff's argument that the arbitrator disregarded evidence in favor of his policy preferences is not well-supported and certainly does not pass the heavy burden for vacating an arbitral award. Plaintiff suggests that the only logical explanation for the arbitrator's decision given the "wealth of circumstantial evidence" is that the arbitrator was biased, but nothing in the arbitrator's opinion suggests as such. Dkt. 38, Plaintiff's Reply, pg. 6. Regardless, even the appearance of bias is not a valid ground for vacatur, and this circuit has rejected the argument that bias is evident when the movant believes the record favored them. *Azroui v. E*Trade Securities LLC*, 499 F. App'x 606, 607 (7th Cir. 2013).

Finally, plaintiff does not cite to a single case in which an arbitral award was vacated and the cases it does cite do not support its arguments. For example, plaintiff claims that under *Wise v.*

*Wachovia Securities, LLC*, awards that are in manifest disregard of the law fall under 9 U.S.C. § 10(a)(4) because of how narrowly the 7th Circuit has construed it. *See Wise*, 450 F.2d 265, 268 (7th Cir. 2006). But plaintiff fails to include that the reason the Seventh Circuit included such awards under the FAA is because it has "confined it to cases in which arbitrators direct the parties to violate the law." *Id.* at 269. The arbitrator here certainly did not direct the parties to violate the law and plaintiff does not argue as such.

In its opposition to plaintiff's motion, defendant moves for sanctions. The Court agrees with defendant that it appears that plaintiff is dissatisfied with the award and seeks another bite at the apple. As defendant notes, "[t]here is an outright hostility in the Seventh Circuit to parties challenging arbitration awards." *Allied Beacon Partners, Inc. v. Bosco*, No. 13 C 5165, 2014 WL 551712, at *4 (N.D. Ill. Feb. 12, 2014) (Kendall, J.). Plaintiff's opening brief presented incoherent and unsupported arguments, which is especially troublesome given the extremely narrow grounds for vacating an arbitration award. This Court even allowed plaintiff an opportunity to amend its motion, but the motion plaintiff ultimately submitted did not fix many of the issues with the original motion. The Court sanctions plaintiff $1,500.

**IV.　　Conclusion**

The Court, in its discretion, DENIES plaintiff's motion to reopen the case and vacate the arbitration award [33]. Plaintiff is sanctioned $1,500.

Date:　May 25, 2021　　　　　　　　　　　Entered: _____
　　　　　　　　　　　　　　　　　　　　　　　SHARON JOHNSON COLEMAN
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge